```
                                                                    1
     M1lWfraC

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4                v.                         12 Cr. 446 (VSB)

5    ANDREW FRANZONE,

6                Defendant.
                                            Conference
7    ------------------------------x

8                                           New York, N.Y.
                                            January 21, 2022
9                                           3:00 p.m.

10   Before:

11
                        HON. VERNON S. BRODERICK,
12
                                            District Judge
13
                                APPEARANCES
14
     DAMIAN WILLIAMS
15        United States Attorney for the
          Southern District of New York
16   BY:  KIERSTEN A. FLETCHER
          Assistant United States Attorney
17
     RUBINSTEIN & COROZZO, LLP
18        Attorneys for Defendant
     BY:  JOSEPH R. COROZZO
19        ANGELA D. LIPSMAN

20

21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

1          THE COURT:  If I could ask counsel to please identify
2     yourself for the record.
3          MS. FLETCHER:  Good afternoon, your Honor.  Kiersten
4     Fletcher, for the government.
5          THE COURT:  Good afternoon.
6          MR. COROZZO:  Good afternoon, your Honor.  On behalf
7     of Andrew Franzone, I am Joseph Corozzo, from Rubinstein &
8     Corozzo, and my associate, Angela Lipsman, is to my left and
9     your right.
10         THE COURT:  OK.  Good afternoon.
11         MS. LIPSMAN:  Good afternoon, your Honor.
12         THE COURT:  This matter is on for a status conference.
13    I think the last time I met with the parties in person, or even
14    remotely, was in the summer.  There was an adjournment from
15    then for approximately 90 days to allow for review of
16    discovery -- that was November 5 -- and then another
17    adjournment from November 5 to December 7 and December 7 until
18    today.
19         Mr. Corozzo, I saw that you were recently retained and
20    filed a notice of appearance in December, and Ms. Lipsman filed
21    a notice of appearance earlier this week.
22         First, let me ask the government, in terms of
23    discovery, I know discovery had been produced to prior counsel
24    from the Federal Defenders, and I know there's a protective
25    order in place -- well, first let me ask Mr. Corozzo.

1  With regard to the protective order, is that something
2  you've reviewed and signed off on?
3  MR. COROZZO: I have reviewed it, your Honor. I have
4  not submitted an executed copy on our behalf, but my office is
5  very well aware of it and have abided by it, yes.
6  THE COURT: OK. Well, I guess because the issue is
7  the discovery, let me ask the government in terms of discovery
8  whether you're aware -- well, let me ask the government in
9  terms of discovery.
10  MS. FLETCHER: Your Honor, my understanding is that
11  Mr. Franzone's former counsel, Julia Gatto, has provided the
12  discovery that she received to his new counsel.
13  THE COURT: OK. All right.
14  MS. FLETCHER: We were just discussing before your
15  Honor came into the courtroom, and it appears that new counsel
16  did not get the indexes, the cover letters that were sent to
17  Ms. Gatto, so we'll provide those to him today. And we had
18  some discussion about defense counsel's ability to open certain
19  of the files and the forensic tools that might be needed for
20  certain electronic devices. But my understanding is that all
21  of the material Ms. Gatto had has been passed along.
22  THE COURT: OK. All right.
23  Mr. Corozzo, when you get the government's letter,
24  compare it or try and compare it to what you've received to see
25  if there's anything missing so that you can make requests with

1  regard to that and perhaps even schedule a time when you can go
2  through with Ms. Fletcher or someone from her office or someone
3  from either party to make sure you've gotten everything in the
4  transfer.  And when you get a chance, take care of the
5  protective order.
6      Let me hear from you, Mr. Corozzo.  I assume you
7  haven't really had time since you've only basically been
8  retained for a month and you probably didn't have the materials
9  until recently.  So let me hear from you.
10     MR. COROZZO:  Yes, your Honor.
11     Your Honor, acknowledging that the case is somewhat
12 old on calendar days, but the Court is correct, we were
13 retained approximately 30 days ago, and we did receive an
14 external hard drive from prior counsel, which indicated that it
15 contained two different sources of discovery: disclosures from
16 8/23/21, was a second discovery disclosure; and there was one
17 from 7/23/21.
18     We were able to access the 7/23/21 production
19 documents, and we've been going through them.  It's only 93
20 gigabytes of documents in that, including certain documents
21 that came from somewhat collateral proceedings.
22     As the Court is aware, there's a companion SEC
23 proceeding that involves the same facts and the same
24 allegations.  There's also a bankruptcy proceeding in the
25 federal bankruptcy court in the Southern District of Florida.

1  So the 7/23/21 production contains certain documents from those
2  sources. We've been going through that production.
3  We've also been cross-referencing, doing our best and
4  being as diligent as possible, cross-referencing to the other
5  sources, which we do have public access to what's been publicly
6  filed in the SEC proceeding and public access to what's been
7  filed in the bankruptcy proceeding. So we've been going
8  through that universe of documents so far.
9  When trying to access the production from 8/23/21, we
10  retained an IT expert to attempt to open it. Our own retained
11  expert was unable to do it. I've just been informed by the
12  government this morning, although I don't necessarily -- I
13  can't say I understand it intimately, but I can grasp that
14  there is an external tool that is necessary to open it. I
15  would hope that my IT expert would have been aware of it, but
16  he did not indicate that to me. So we will continue to
17  endeavor to communicate with the government to facilitate our
18  office's obtaining whatever necessary external tools exist and
19  opening that production.
20  We understand that production to be in excess of two
21  terabytes of material, your Honor, so it's almost impossible
22  for me to even ascertain how long I need to go through the
23  discovery when I'm thinking that there's at least two terabytes
24  of discovery; there might be discovery or information and
25  documents from other sources that I need. I can express to the

1  Court every intention that my office has of not wasting time.
2  We've been spending great hours. We have other associates
3  assigned to the matter, so we're not wasting time going through
4  it. I'm just saying it's almost impossible, if not impossible,
5  for me to tell the Court how much time I need to go through it
6  all presently.
7        THE COURT: Sure.
8        MR. COROZZO: I'm happy to accept whatever adjournment
9  the Court would request or require and come back with a report
10 whenever that date is, because we are going through it on a
11 regular basis.
12       Mr. Franzone, who's under house arrest, has been
13 coming to my office at least two, three days a week. We
14 might -- I don't think it's ripe for this afternoon, but we
15 might be making a bail request to, maybe, change it to a curfew
16 or something, because with this amount of volume, I could have
17 Mr. Franzone in my office five days a week, all day long,
18 helping and assisting going through the discovery. But I think
19 that application is premature right now.
20       I just want the Court to understand what I'm currently
21 doing, and that does include Mr. Franzone being in my office.
22 I think it's been an average of three times a week for the past
23 number of weeks.
24       THE COURT: OK. What I would suggest on the latter
25 part, Mr. Corozzo, is that you meet and confer with the

1    government and the pretrial services officer to see if you can
2    reach some sort of accommodation or understanding where there's
3    agreement.  I'll obviously need to be involved anyway at some
4    point, but obviously meet and confer with the government and
5    the pretrial services officer assigned to Mr. Franzone.
6    　　　　　With regard to discovery, I just have a suggestion.
7    　　　　　As I understand it, Ms. Fletcher, there are search
8    warrants that are at issue here.  Are they search warrants
9    for -- and I apologize; I just don't recall whether I had
10   asked.  I think it was Ms. Estes that had appeared at the first
11   conference.  Are they search warrants of a premises, phones,
12   computers, or each of those?
13   　　　　　MS. FLETCHER:  I believe it's each of the above.
14   There was -- at the time of the defendant's arrest, he was
15   residing in a hotel room.  There was a search warrant for the
16   hotel room and then a follow-on warrant, I believe, for
17   electronic devices that were taken from the hotel room and from
18   his person.
19   　　　　　THE COURT:  OK.  And were there postarrest statements?
20   　　　　　MS. FLETCHER:  Your Honor, it's been a while since
21   I've thought about that.
22   　　　　　THE COURT:  Sure.
23   　　　　　MS. FLETCHER:  I don't believe so.
24   　　　　　THE COURT:  OK.
25   　　　　　MS. FLETCHER:  My recollection is that there are not.

1  I'm fairly confident of that.

2  THE COURT: OK. I guess what I would suggest in terms
3  of, and I'm not, obviously, saying that you should review all
4  of the materials that you think are appropriate, but I would
5  ask if the government could direct Mr. Corozzo and his team to
6  those things that might generate a pretrial motion, so search
7  warrants, statements, things like that. Obviously, if the
8  search warrant was not for a device or something that is
9  actually Mr. Franzone's own, that's a different story, but it
10 sounds like there are colorable claims to having a privacy
11 interest in the materials that Ms. Fletcher mentioned. And I'm
12 not precluding that there might be other motions that might be
13 appropriate. It just seems to me that would be a place to
14 start.

15 MR. COROZZO: I'm following, your Honor, and you're
16 making a lot of sense, and it's very logical, your suggested
17 approach. I understand.

18 THE COURT: And again, I don't know the exact nature
19 of the other discovery, but Ms. Fletcher, if you could help
20 just identify the different tranches, because there may be
21 certain things, and I'm not saying necessarily you have to
22 exactly rake the discovery, but there may be certain things
23 that really aren't as important as other things, and I think
24 probably Mr. Corozzo will get more of a sense of that when he
25 has the discovery letters. But I think that the

9
M1lWfraC

1  meet-and-confer process can also assist in that.

2      MS. FLETCHER:  Yes, your Honor.  Of course.  And the
3  Court is right.  The discovery letters are pretty detailed and
4  will make it easy for Mr. Corozzo to see exactly where in the
5  production are the search warrants and where the other sources
6  of evidence come from.  So a lot of documents are documents we
7  received directly from victims.  A lot are received from the
8  SEC.  There is some testimony from the ongoing bankruptcy
9  proceeding, but all of that is laid out in detail in the index.
10 And so I'm hopeful that once Mr. Corozzo has that he'll be able
11 to do what the Court has suggested.

12     THE COURT:  All right.  Let me ask, the bankruptcy
13 proceeding, Mr. Corozzo, is it Mr. Franzone's bankruptcy or of
14 an entity?

15     MR. COROZZO:  It's the entity that is the subject of
16 the charges.

17     THE COURT:  OK.  And I assume the SEC matter involves
18 Mr. Franzone directly.

19     MR. COROZZO:  It does, your Honor.

20     THE COURT:  OK.  Why don't we plan on coming back, I
21 want to say in 60 days so that we can figure out exactly where
22 things stand at that point.

23     I hope, Mr. Corozzo, that you're able to look, at a
24 minimum, at the search materials to glean whether or not you
25 believe there are motions that might be appropriate in

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

connection with those.

MR. COROZZO: I can do that, your Honor. Within 60 days, I most likely would be able to identify if there are necessary motions in the matter, and also, I could give the Court an update as to the review of the discovery in its entirety and how we're progressing after 60 days.

THE COURT: OK. I'll tell you where that would put us in terms of the current -- it would basically put us, and I'm not at all by saying when, because right now I'm not in control of my trial calendar. The next date for submission for the second quarter of 2022 is February 15. We're obviously not going to make that, so what we're looking at is either potentially, depending upon third, fourth, or whatever, thereafter. And again, I'm not in any way saying when that might be.

Let me ask, Ms. Rodriguez, could I have a date 60 days out.

THE DEPUTY CLERK: March 22.

THE COURT: Well, let me ask.

Ms. Fletcher.

MS. FLETCHER: As the Court indulged last time, I can have a colleague come in that day if that's the day the Court prefers, but I am currently scheduled to begin a trial on that day --

THE COURT: All right.

1           MS. FLETCHER:  -- that I expect will be three weeks,
2  probably.  So if the Court would like me as the AUSA assigned
3  to the case to be here, perhaps we could do it just at the end
4  of the week before that or later.
5           THE COURT:  Why don't we do it a little bit later.
6  Mid-April, do you think?
7           MS. FLETCHER:  May I just look at my calendar on my
8  phone?
9           THE COURT:  Sure.
10          MS. FLETCHER:  I think that would work.
11          MR. COROZZO:  Your Honor, I just have a previously
12 scheduled vacation; it's school Easter break the week of the
13 18th.  So I'm available any time except for the week of the
14 18th.
15          THE COURT:  OK.  So it's either before the 18th or
16 after, near the end of March.
17          MS. FLETCHER:  Your Honor, it looks like March 22 is a
18 Tuesday.  Could we do March 21, which would be the day before
19 the trial begins?
20          THE COURT:  OK.  At what time?  Same time, 3:00?
21          MS. FLETCHER:  Fine for the government, your Honor.
22          THE COURT:  All right.
23          MR. COROZZO:  Fine for the defense, your Honor.
24          THE COURT:  All right.  I'll see the parties on March
25 21 at 3 p.m., at which time we'll discuss the status of review

1  of discovery but also potential motions.
2      If you get the opportunity, Mr. Corozzo, to discuss
3  your thoughts with regard to motions and the like with the
4  government, that's fine.  But otherwise, we'll hash it out here
5  and figure out exactly what the next steps will be.
6      MR. COROZZO:  I always prefer to confer with the
7  government prior anyway, your Honor.
8      THE COURT:  OK.
9      MR. COROZZO:  So I will take that suggestion.
10      THE COURT:  All right.
11      Let me ask, is there anything else that we need to
12  deal with other than the exclusion of time?
13      From the government.
14      MS. FLETCHER:  No.  Thank you, your Honor.
15      THE COURT:  From the defense.
16      MR. COROZZO:  No, your Honor.
17      THE COURT:  All right.
18      I'm going to exclude the time between now and March 21
19  from the time within which Mr. Franzone would have to be
20  brought to trial.  I find that that exclusion outweighs the
21  interests of the public and Mr. Franzone in a speedy trial.
22  That time is necessary to allow new counsel to get up to speed,
23  to review the discovery, to actually open discovery, and to
24  make a determination about what motions are appropriate.
25      OK.  Thank you very much, everybody, for coming in.

1         Mr. Franzone, I'll see you on March 21. OK?

2         THE DEFENDANT: Thank you.

3         MR. COROZZO: Thank you, your Honor. Have a good day.

4         MS. FLETCHER: Thank you, your Honor.

5         THE COURT: Thank you very much. Please, everyone,

6 stay safe.

7         (Adjourned)