AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Room 1174 at the Westin Beach Resort & Spa, 321 N. Ft Lauderdale Beach Blvd., Fort Lauderdale, Florida 33304, as more fully described in Attachment "A." | Case No.   21-6283-SNOW |

## SEARCH AND SEIZURE WARRANT

*Certified to be a true and correct copy of the document on file*
*Angela E. Noble, Clerk,*
*U.S. District Court*
*Southern District of Florida*
By ___J. Zanotti___
*Deputy Clerk*
Date __May 7, 2021__

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Southern   District of   Florida
*(identify the person or describe the property to be searched and give its location)*:

Room 1174 at the Westin Beach Resort & Spa, 321 N. Ft Lauderdale Beach Blvd., Fort Lauderdale, Florida 33304 , as more fully described in Attachment "A."

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment "B."

**YOU ARE COMMANDED** to execute this warrant on or before   May 14, 2021   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Fort Lauderdale Duty Magistrate Judge   .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   04/30/2021 10:19 pm

*Lurana S. Snow*
*Judge's signature*

City and state:   Fort Lauderdale, Florida        Lurana S. Snow, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

**I. Premises to be Searched—Subject Premises**

The premises to be searched (the "Subject Premises") is described as follows, and includes all locked and closed containers found therein:

A hotel room designated room "1174" located on the eleventh floor of a Westin Beach Resort & Spa, located at 321 N. Ft Lauderdale Beach Blvd., Fort Lauderdale, Florida 33304, as depicted in the following photograph:



## ATTACHMENT B

**1.     Items to Be Seized**

**A.   Evidence, Fruits, and Instrumentalities of the Subject Offenses**

The items to be seized from the Subject Premises, as defined in Attachment A, include the following evidence, fruits, and instrumentalities of violations of Title 15, United States Code, Sections 78j(b) & 78ff, 17 C.F.R. Section 240.10b-5 (securities fraud); and Title 18, United States Code, Sections 1343 and 2 (wire fraud) (collectively, the "Subject Offenses") relating to a fraud scheme involving FF Fund I L.P. (the "FF Fund Scheme"):

1.     Evidence concerning occupancy or ownership of the Subject Premises, including utility and telephone bills, mail envelopes, addressed correspondence, diaries, statements, identification documents, address books, telephone directories, and keys.

2.     Evidence concerning the identity or location of, and communications with, potential co-conspirators and/or victims of the FF Fund Scheme.

3.     Evidence, including documents and communications, reflecting the state of mind of participants in the Subject Offenses, including communications among members of the scheme and any communications reflecting false (purportedly exculpatory) explanations of any participant's involvement in the Subject Offenses.

4.     Evidence, including documents and communications, of motive for the Subject Offenses.

5.     Evidence of other individuals who may have assisted the FF Fund Scheme, ledgers, delivery and payment records, accounting records, data that was sent or received, notes as to how the criminal conduct was achieved, records of discussions about the crime, promotional materials, and other records reflecting the planning and execution of the FF Fund Scheme.

6.     Evidence concerning the proceeds of the FF Fund Scheme, including United States and/or foreign currency, coins or bars of precious metals, jewelry, documentation of financial transactions, bank statements, checks, books, records, invoices, payment receipts, money orders, cashier's checks, bank checks, safe deposit box keys, money wrappers, filed and non-filed income tax records, credit card receipts, credit card statements, minute books and other items evidencing the obtaining, secreting, transferring, and/or concealment of assets and the obtaining, secreting, transferring, concealment, and/or expenditure of money as part of the FF Fund Scheme.

7.     Evidence revealing the passwords or other information of co-conspirators of the Subject Offenses needed to access the user's computer, smartphone, or other devices or accounts that may contain evidence of the Subject Offenses.

8.     Documents and other materials identifying the location of other evidence of the Subject Offenses.

USAO_SDNY_000000128

### B. Search and Seizure of Electronically Stored Information

The items to be seized from the Subject Premises also include any computer devices, cellphones, and storage media that may contain any electronically stored information falling within the categories set forth in Section I.A of this Attachment above, including desktop and laptop computers, disk drives, modems, thumb drives, personal digital assistants, smart phones, digital cameras, and scanners. In lieu of seizing any such computer devices, cellphones, or storage media, this warrant also authorizes the copying of such devices or media for later review.

The items to be seized from the Subject Premises also include:

1. Any items or records needed to access the data stored on any seized or copied computer devices, cellphones, or storage media, including any physical keys, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

2. Any items or records that may facilitate a forensic examination of the computer devices, cellphones, or storage media, including any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices, cellphones, or storage media.

3. Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of the seized or copied computer devices, cellphones, or storage media.

### C. Review of ESI

Following seizure of any computer devices, cellphones, and storage media and/or the creation of forensic image copies, law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein for information responsive to the warrant that was created, modified, accessed, sent, received, and/or deleted between on or about January 1, 2014 and the date of the execution of the search warrant.

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

USAO_SDNY_000000129

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the device was used.

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified in Sections I.A and I.B of this Attachment. However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.

USAO_SDNY_000000130

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return to Fort Lauderdale Duty Magistrate Judge** |||
|---|---|---|
| Case No.: 21-6283-SNOW | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

     I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

*Executing officer's signature*

*Printed name and title*

USAO_SDNY_000000131