

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

March 17, 2025

**VIA ECF**

Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *United States v. Andrew Franzone*, 21 Cr. 446 (VSB)

Dear Judge Broderick:

    The Government respectfully submits this response to defendant Andrew Franzone's motions *in limine* to preclude the Government from (1) eliciting evidence of loss to investors who abandoned their interest in FF Fund I, L.P. ("FF Fund" or the "Fund"); and (2) referring to investors in the Fund as "victims." (Franzone Mem.) (Dkt. 158). The Government does not intend to introduce at trial evidence or argument regarding pecuniary losses suffered by victims of Franzone's fraud scheme.[1] Accordingly, the defendant's first motion is moot.

    The defendant also moves to prevent the Government and any of its witnesses from referring to the Fund's investors as "victims" during trial. His motion relies on two claims: that there are no identifiable victims, and that no crime occurred. Neither contention has merit.

    *First*, Franzone is incorrect that there are no identifiable victims in this case. Franzone has been charged with securities fraud and wire fraud, crimes that contemplate victims who are the object of a defendant's fraudulent scheme. The victims in this case are the investors to whom Franzone, with intent to defraud, made material misrepresentations to obtain their money. Whether those investors ultimately recouped their losses years later, and only after FF Fund filed for bankruptcy, does not alter the fact that Franzone lied to them, deceived them, and misused their

---

[1] For avoidance of doubt, the Government anticipates introducing as direct proof at trial that, unbeknownst to investors, the Fund's assets were increasingly allocated to illiquid investments, that those illiquid investments underperformed, and that the defendant overstated the Fund's returns and the valuations of those investments to prospective and current investors. The Government also expects to introduce evidence that the Fund declared bankruptcy in 2019, and in the course of that process, the Chief Restructuring Officer attempted to monetize the Fund's investments and was largely unsuccessful because the investments were illiquid. Such evidence regarding the liquidity and valuation of Fund assets bears directly on whether Franzone made material misrepresentations to investors about the Fund's investment strategy and investors' ability to quickly redeem their investments.

funds as part of his scheme. *See United States v. Sindona*, 636 F.2d 792, 800 (2d Cir. 1980) ("The offense occurred and was complete when the misapplication took place," and "[w]hat might have later happened as to repayment is not material."); *see also United States v. Bankman-Fried*, 2023 WL 4194773, at *9 (whether investors could be made whole "is immaterial as a matter of law" because the crime of wire and securities fraud is complete where "there is an immediate intent to misapply and defraud"). To be sure, recouped losses may be relevant *at sentencing* in determining whether certain investors are entitled to restitution under the Mandatory Victims' Rights Act ("MVRA"). (*See* Franzone Mem. at 13). But the MVRA's definition of "victim" for purposes of determining restitution has no bearing at trial, particularly where—as Franzone concedes—proving "[l]oss is not an element of Securities Fraud or Wires [sic] Fraud." (Franzone Mem. at 10).

*Second*, Franzone cannot preclude the Government from using the term "victim" simply by "maintain[ing] that there was no Securities Fraud or Wire Fraud." (Franzone Mem. at 13); *see also United States v. Clanton*, No. 23-CR-328 (KAM), 2024 WL 1072050, at *17 (E.D.N.Y. Mar. 12, 2024) (denying motion to preclude use of "victim" where there were identifiable victims of the charged crimes, and defendant had proffered no facts or circumstances to support defense that no crime occurred). In support of this position, Franzone proffers only that his investors ultimately will be made whole in the bankruptcy process. But for the reasons explained above, that is not a defense to the crimes charged. Even if Franzone could mount a legally sound defense that no crime occurred, the Government nevertheless would be entitled to use the term "victim" in its jury addresses. *See United States v. Hadden*, 20 Cr. 468 (RMB), Doc. No. 213 (S.D.N.Y. Dec. 22, 2022); *United States v. Benjamin*, 18 Cr. 874 (JSR), Doc. No. 53 at 6 (S.D.N.Y.) (Tr. of May 8, 2019 ("Then there was the motion to preclude the use of the words victim and pimp. I take it this would only come up in, at least to the victim, during either opening statements or summations . . . . I don't see any problem with that term being used, [because] that's the government's view[.]")); *United States v. Dupigny*, 18 Cr. 528 (JMF), Doc. No. 198 at 49-50 (S.D.N.Y.) (Tr. of Oct. 17, 2019 (denying motion to preclude use of the term "victim" at trial)); *United States v. Maxwell*, 20 Cr. 330 (AJN), Doc. No. 465 at 4-5 (S.D.N.Y.) (Tr. of Nov. 1, 2021 ("[T]he defense asked the Court to preclude use of the term[] "victim" . . . . The motion is denied. Government counsel can use the word "victim" if they're referring to someone alleged to be a victim of the crimes charged in the indictment[.]")).

It is axiomatic that the Government's statements are not evidence. Sand et al., *Modern Federal Jury Instructions*, Instr. 1.04 ("The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence."). Jury addresses are vehicles for advocacy by counsel, and the Government is not required to be agnostic on the issue of the defendant's guilt. The purpose of an opening statement is to "state what evidence will be presented," *United States v. Salovitz*, 701 F.2d 17, 21 (2d Cir. 1983), and the purpose of summation is to make arguments about the evidence that was presented. *United States v. Ray*, No. 20 Cr. 110 (LJL), 2022 WL 558146, at *26 (S.D.N.Y. Feb. 24, 2022). To that end, "the Government is permitted to lay out for the jury in its opening statement what it expects the evidence to prove, including that the complaining witnesses *are victims* and in its closing statement what it believes that the evidence has proved, again that the witnesses *are victims*." *Id.* (emphases added). Accordingly, the defendant's motion should be denied.

\* \* \*

Wherefore, for all these reasons, the defendant's motions *in limine* should be denied in their entirety as moot or meritless.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By: /s_____
Marguerite B. Colson
Maggie Lynaugh
Sarah Mortazavi
Assistant United States Attorneys
Southern District of New York
Tel: (212) 637-2587 | -2448 | -2520

cc: Joseph R. Corozzo (by ECF)
    Angela D. Lipsman (by ECF)