```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
   UNITED STATES OF AMERICA                           :
                                                      :
              - v. -                                  :     21 Cr. 446 (VSB)
                                                      :
   ANDREW FRANZONE,                                   :
                                                      :
                      Defendant.                      :
                                                      :
------------------------------------------------------x
```

# PROPOSED EXAMINATION OF PROSPECTIVE JURORS

 

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York
26 Federal Plaza
New York, New York 10278

Marguerite B. Colson
Maggie Lynaugh
Sarah Mortazavi
Assistant United States Attorneys
    *-Of Counsel-*

Joseph R. Corozzo, Esq.
Angela D. Lipsman, Esq.
Rubinstein & Corozzo LLP

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
    UNITED STATES OF AMERICA                          :
                                                      :
                    - v. -                            :       21 Cr. 446 (VSB)
                                                      :
    ANDREW FRANZONE,                                  :
                                                      :
                    Defendant.                        :
                                                      :
------------------------------------------------------x
```

## PROPOSED EXAMINATION OF PROSPECTIVE JURORS

The parties respectfully request, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant. The agreed-upon questions and requests appear in black ink. Where there is a dispute between the parties, the defendant's proposed revisions are reflected as tracked changes.

### A.  Statement of the Case

1. This is a criminal case against Andrew Franzone, the defendant. Mr. Franzone has been charged with committing federal crimes ~~in an indictment returned by a grand jury sitting in this District~~. You will hear a lot more about these charges in the coming days, but let me provide you with a brief summary of the allegations in this case in order to help determine whether there is anything about the case that may make it difficult or inappropriate for you to serve on the jury.

2. The ~~Indictment~~United States alleges that Mr. Franzone carried out a scheme to defraud investors in connection with FF Fund I, LP., which was an investment fund managed by Franzone. Specifically, the Government alleges that Mr. Franzone ~~is alleged to have~~ induced investors, through misrepresentations and omissions, to invest in this Fund. According to the ~~Indictment~~Government, Mr. Franzone claimed that the Fund would maintain a highly liquid portfolio by trading in preferred securities and options so that investors could quickly and easily withdraw the money they had invested, and ~~.~~ ~~I~~in monthly reports to investors, Mr. Franzone represented that the Fund was consistently achieving positive returns. The prosecution further claims that ~~In actuality,~~ Mr. Franzone actually used investor money to invest in high-risk, illiquid private investments that could not easily or quickly be monetized, and to fund personal business interests. The prosecution alleges that ~~W~~when certain investors asked to redeem, or withdraw, the money they had invested, Mr. Franzone was unable to fulfill those requests and the Fund declared bankruptcy.

3. However, according to Mr. Franzone, he did not make any misrepresentations to investors. Mr. Franzone claims that all investors were informed there were no guarantees as to what the investment portfolio would consist of or how their money would be invested. According to Mr. Franzone, the investors were informed that the Fund could use any investment techniques he felt were appropriate. Mr. Franzone claims that the investors were also warned that any investment comes with a risk, and that the investors were warned that they could lose money by investing in the Fund. Despite these warnings, Mr. Franzone claims that he intended for the investors to make money, not lose money and that, in fact, Mr. Franzone was an investor in the Fund himself.

2.4. Mr. Franzone claims that he could have satisfied the requests of certain investors to redeem their investments by giving them a share of the investment portfolio. Finally, Mr. Franzone claims that the reason the Fund declared bankruptcy is because an individual, who had been an investor, had gone to court to try to dissolve the Fund. According to Mr. Franzone, the Fund went to bankruptcy court in order to avoid having the Fund dissolved, with an eye towards finding a purchaser for the Fund, so that the Fund could maintain a stock portfolio that could be used to satisfy redemption requests. Mr. Franzone claims that shortly before the Fund would have been sold to a purchaser, an individual who had taken control of the Fund decided to liquidate the Fund instead. Finally, he claims that what the Government refers to as personal business interests are assets that were used to help finance the planned purchase of the Fund.

3.5. Based on the Government's accusations~~For this conduct~~, the defendant has been charged ~~in the indictment~~ with one count of federal securities fraud and one count of federal wire fraud.

4.6. The defendant denies the charges and has entered a plea of not guilty.

5.7. We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors. The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial. For this reason, I am going to ask you certain questions. It is vital that you provide truthful answers to these questions. They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.

6.8. Have any of you seen or heard anything about this case in the media? [*If so, the parties request that the Court inquire, at the bench, what the juror has seen or heard and whether it would impact his or her ability to remain fair and impartial.*]

7.9. Do any of you know anything about the facts of this case, other than what I have told you? [*If so, the parties request that the Court inquire, at the bench, what the juror knows and whether it would impact his or her ability to remain fair and impartial.*]

8.10. Have any of you heard, read, or seen anything that for any reason would prevent you from rendering a fair and impartial judgment in this case? [*If so, the parties request that the Court inquire, at the bench.*]

9.11. Let me now ask you a few questions relating to the Government's regulation of the securities industry:

10.12. Do any of you believe that the securities industry should not be regulated by the federal government? If any juror answers yes, does this impact his or her ability to render a fair and impartial verdict?

11.13. Does the fact that the charges involve the securities industry or fraud alleged to have been committed in connection with the securities industry make it difficult for any of you to render a fair verdict?

12.14. Do you follow the news about fraud or alleged misconduct by individuals in the finance industry? If so, will anything that you have read or seen affect your ability to be fair and impartial in this case?

B. **Knowledge of the Trial Participants**

14. Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, Andrew Franzone, or with any of his relatives, friends or associates?

15. To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

16. The defendant is represented by Joseph R. Corozzo and Angela D. Lipsman of the law firm Rubinstein & Corozzo LLP. [*Please ask counsel to stand.*] Do any of you know these attorneys? Have you or your family members or close friends had any dealings either directly or indirectly with either of these lawyers or the law firm Rubinstein & Corozzo LLP?

17. The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York. The Acting United States Attorney is Matthew Podolsky. Have you or your family members or close friends had any dealings either directly or indirectly with the U.S. Attorney's Office or Mr. Podolsky? The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Maggie Lynaugh, Sarah Mortazavi, and Marguerite Colson. [*Please ask the Government attorneys to stand.*] Do any of you know Ms. Lynaugh, Ms. Mortazavi, or Ms. Colson? Have you or your family members or close friends had any dealings either directly or indirectly with them? The Government attorneys will also be assisted in this case by Inspectors Kristin Walunas and Christina Merkos of the United States Postal Inspection Service, as well as by Emily Cho and Anna Gamboa, paralegal specialists in the United States Attorney's Office. [*Please ask Inspectors Walunas and Merkos, as well as Mss. Cho and Gamboa to stand.*] Have

you or your family members or close friends had any dealings either directly or indirectly with Inspector Walunas, Inspector Merkos, Ms. Cho, or Ms. Gamboa?

    **C.**    **Names and Places**

    18.    I will now read a list of names of individuals and businesses whose names may be mentioned during the trial, or who may be witnesses in this case [*To be provided in advance of trial*]:

Are any of you familiar with any of these people or entities? [If yes, the parties request that the Court inquire at the bench, and ask whether this would impact the juror's ability to render a fair and impartial verdict.]

    **D.**    **Questions Specific to the Case; Relationship with Government and Others**

    19.    Have any of you, or your family members or close friends, ever worked in the finance industry? If yes, please describe.

    20.    Have any of you, or your family members or close friends, ever worked for an investment fund? If yes, please describe.

    21.    As mentioned, the investment fund that Franzone managed was formerly known as Farrell Franzone Investment LLC, before becoming known as FF Fund I L.P. Have any of you, or your family members or close friends, ever had dealings with Farrell Franzone Investment LLC or FF Fund I L.P.?

    22.    The Government alleges Mr. Franzone carried out a scheme to defraud investors in connection with FF Fund I, L.P.

    23.    Have any of you ever invested in an investment fund?

        a.    If so, did you lose money from the investment?

  b. If yes, would this make it difficult for you to render a fair and impartial verdict?

24. Have any of your family members or close friends invested in an investment fund?

  a. If so, did they lose money from their investment?

  b. If yes, would this make it difficult for you to render a fair and impartial verdict?

25. Have you or your family or close friends invested money in other ways, such as the stock market?

  a. If so, did you or your family or friends lose money from investing?

  b. If yes, would this make it difficult for you to render a fair and impartial verdict?

26. Have any of you, or your family members or close friends, ever been the victim of an investor fraud scheme? If so, would this make it difficult for you to render a fair and impartial verdict?

27. Do you have any experiences with investment fund managers or investment funds that might make it difficult for you to render a fair and impartial verdict?

28. Do you have any personal opinions or beliefs about investment fund managers that might make it difficult for you to render a fair and impartial verdict?

29. ~~The Indictment also alleges that when certain investors asked to redeem, or withdraw, the money they had invested in the Fund, Franzone was unable to fulfill those requests and the Fund declared bankruptcy.~~ Have any of you, or your family members or close friends,

7

ever been involved in a bankruptcy proceeding? If yes, would this make it difficult for you to render a fair and impartial verdict?

30. Have any of you, or your family members or close friends, ever worked for the United States Securities and Exchange Commission ("SEC") or any other financial regulatory body? If yes, would this make it difficult for you to render a fair and impartial verdict?

31. Do any of you know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Attorney's Office for the Southern District of New York or the U.S. Postal Inspection Service?

32. Have you, or any member of your family or a close friend, ever applied to work for or been employed by any law enforcement agency?

33. Are you, or anyone in your family or close friends, planning to apply for work in law enforcement?

34. Have you, or anyone in your family or close friends, been involved in any group that deals with law enforcement or with law enforcement issues, such as a neighborhood watch group?

35. The United States is a party to this proceeding. Is there any reason that might make it difficult for you to remain fair and impartial or to render a verdict based only on the evidence that you will hear and the instructions that I will give you?

36. Have you, either through any experience you have had or anything you have seen or read, developed any bias, prejudice or other feelings for or against the United States Attorney's Office? For or against the Securities and Exchange Commission? For or against the

U.S. Postal Inspection Service? For or against any other law enforcement or financial regulatory agency?

37. This case involves alleged criminal fraud connected with an investment fund. This is not a civil proceeding. Is there anything about this type of case—that is, a criminal case—that would make you hesitate to sit on this jury?

38. Have you, or has any member of your family or a close friend, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the U.S. Postal Inspection Service?

39. Do you have any relatives or close friends who have any legal training? If yes, please describe your relationship with that person, the training, and, if that person practices law, the type of law the person practices.

40. Have you or any member of your family or any close friend ever had any education or training, applied or worked for, or volunteered in, any area of criminal defense, such as a public defender office, a law office, or a private investigation firm? If yes, please describe the training, job and the type of office and, if other than yourself, state the person's relationship to you.

41. Do you have any personal feelings or beliefs about criminal defense attorneys that would make it difficult for you to be fair and impartial?

E. **Prior Experience with the Court System**

42. Are you, or any of your family members or close friends, attorneys or employees of a law firm?

43. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a legislative committee, governmental agency, or licensing authority?

44. Have you, or any of your relatives or close friends, ever been questioned in any matter by a federal, state, or local law enforcement agency?

45. Have you, or any of your relatives or close friends, ever been a witness or a complainant in any federal, state, or local prosecution?

46. Are you, or any of your relatives or close friends, now under subpoena or, to your knowledge, about to be subpoenaed, in any criminal case?

47. Have you, or have any of your relatives, associates or close friends, ever been charged with a crime? What crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of the charges.*]

48. Have you, or have any of your relatives, associates or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any legislative committee or other governmental agency? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of the investigation.*]

49. Have you, or have any of your relatives or close friends ever had any dispute with any local, state or federal agency or any of its employees? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of the dispute.*]

50. Have you, or any of your relatives or close friends, ever been a victim of a crime? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of each crime*.]

51. Have you, or any of your relatives or close friends, had any experience with law enforcement that you think may affect your ability to render a fair verdict? [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the law enforcement agents*.]

F. **Prior Jury Service**

52. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so,

    a. when and where did you serve?

    b. Do you understand that the standard of proof at a criminal trial is very different than at a grand jury?

53. Have you ever served as a juror in any court? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Without saying what it was, did the jury reach a verdict?

~~52.~~54. If you had prior experience as a civil juror, do you understand the standard of proof at a criminal trial is very different? Please explain.

G. **Law Enforcement Witnesses**

~~53.~~55. The Government witnesses in this case may include retired law enforcement officers, including police officers. Would any of you be more likely to believe a

11

witness merely because he or she is a member of a law enforcement agency? Would any of you be less likely to believe a witness merely because he or she is member of a law enforcement agency?

~~54.~~56.  Does anyone have any personal feelings or experiences concerning law enforcement witnesses, or police officers in particular, that would in any way affect their ability to be fair and impartial in this case?

H. **Investigative Techniques and Burden of Proof**

~~55.~~57.  Does anyone have any expectations about the types of evidence that the Government will present in this criminal trial, or in a criminal trial more generally?

58. Would any of you be unable to follow the Court's instructions that the Government is not required to use any particular technique in order to investigate evidence of a crime?

59. Does anyone expect the defendant to take the stand, or call witnesses, or present any evidence?

60. Under the law, a defendant need not testify or produce any evidence and the burden of proof is always on the Government to prove the charges beyond a reasonable doubt. If a defendant does not testify or present evidence, the jury may not consider that fact in any way in reaching a decision. Will you have any difficulty in following this if the defendant does not take the witness stand or present evidence on his behalf?

61. Does anyone believe that the fact that the defendant has been charged with crimes means that he is guilty or is evidence that he is guilty?

62. Does anyone believe that the fact that the United States is prosecuting the defendant is evidence of the defendant's guilt?

~~56.~~63. The defendant is presumed innocent and cannot be convicted unless the jury, unanimously and based solely on the evidence in this case, decides that his guilt has been proved beyond a reasonable doubt. Will any of you have any difficulty accepting and following this rule?

**K.     Persons not on Trial**

~~57.~~64.  You might hear evidence in this trial of criminal activity committed by people other than the defendant.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

**K.     Other Questions**

~~58.~~65.  Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

66.     Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

~~59.~~67.  Do any of you have any personal problems, such as an illness in your family, which would prevent you from giving your full attention to all the evidence at this trial?

~~60.~~68.  Do any of you have any difficulty in reading or understanding English in any degree?

<del>61.</del><ins>69.</ins> Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

L.   **Function of the Court and Jury**

<del>62.</del><ins>70.</ins> The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. Even if you have any legal training, you may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the indictment. <del>Do any of you have any bias or prejudice or belief</del> <ins>Is there any reason</ins> that might prevent you from accepting and following the instructions of law that I will give you in this case?

<del>63.</del><ins>71.</ins> Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty?

<del>64.</del><ins>72.</ins> Will each of you accept <del>the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to whether the defendant is guilty or not on each count, and</del> that only the evidence produced here in court may be used by you to answer the question of guilt on each count?

<del>65.</del><ins>73.</ins> <del>Will each of you accept the proposition that it would be improper for you to consider, in reaching your decision as to whether the defendant is guilty or not on each count,</del> <ins>Do you have</ins> any <ins>experiences, opinions or</ins> <del>personal</del> feelings <ins>or beliefs</ins> <del>you may have</del> about any

14

personal characteristics of the defendant or any other person, ~~,~~ such as occupation, income, economic class, race, ethnicity, sex, age or religion that may make it difficult for you to remain fair and impartial? *[The parties respectfully request that the Court inquire at the bench.]*

~~66.~~74.  It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Do any of you feel that even if the evidence established a defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

### M. Other Biases

75.  Do you have any experiences with or opinions, or beliefs about people who own race cars or luxury cars that might make it difficult for you to remain fair and impartial?

76.  Do you have any experiences with, opinions, or beliefs about persons from Florida that might make it difficult for you to remain fair and impartial?

~~67.~~77.  In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice – and according to the law as it will be explained to you?

### N. Juror's Background

~~68.~~78.  The Parties respectfully request that the Court ask each juror to state the following information:

    a.    the juror's age;

15

b. the area in which the juror resides, and any other areas in which the juror has resided during the last 10 years;

c. if the juror owns or rents the home;

~~c.~~d. the members of the juror's household;

~~d.~~e. the juror's educational background, including the highest ~~degree obtained~~ level of education;

~~e.~~f. the juror's occupation;

~~f.~~g. the name and general location of the juror's employer and how long the juror has worked for that employer;

~~g.~~h. the same information concerning any other employment within the last 10 years;

~~h.~~i. the same information with respect to the juror's spouse or significant other and any working children;

~~i.~~j. whether the juror has served in the military;

~~j.~~k. the names of any clubs or associations of which the juror is a member;

~~k.~~l. the names of any print publications, websites, or social media accounts to which the juror subscribes and/or contributes;

m. where does the juror get the news from and which newspapers and magazines the juror regularly reads;

~~l.~~n. whether the juror follows crime stories or criminal cases; if so, which cases or crime stories has the juror followed recently?

o. which television programs the juror regularly watches and any television programs the juror has streamed recently;

~~m.~~p. any podcasts that the juror listens to; and

~~n.~~q. the juror's hobbies and leisure-time activities and organizations.

O.  **Requested Instruction Following Impaneling of the Jury**

~~69.~~ 79.  From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family and your friends.

~~70.~~ 80.  If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you.  Please do not take offense.  They will be acting properly and consistent with my instructions to them by doing so.

Dated: New York, New York
April 1, 2025

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By:   /s/_____
Marguerite B. Colson
Maggie Lynaugh
Sarah Mortazavi
Assistant United States Attorneys
(212) 637- 2587 | -2448 | -2520

Joseph R. Corozzo, Esq.
Angela D. Lipsman, Esq.
Rubinstein & Corozzo LLP
*Attorneys for Defendant*
*Andrew Franzone*
(212) 545-8777